UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THUNDER BASIN COAL COMPANY, L.L.C. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ZURICH AMERICAN INSURANCE ) <br> COMPANY; NATIONAL UNION FIRE ) <br> INSURANCE COMPANY OF PITTSBURGH, ) <br> PA; THE TRAVELERS INDEMNITY ) <br> COMPANY OF AMERICA; and THE ) <br> TRAVELERS PROPERTY AND CASUALTY ) <br> COMPANY OF AMERICA ) <br> ) <br> Defendant. ) <br> ) | JURY TRIAL DEMANDED <br><br><br><br><br><br> Cause No. |

Serve:
State of Missouri Department of Insurance
301 W. High Street, Suite 350
Jefferson City, MO  65101

## COMPLAINT

COMES NOW, Plaintiff, Thunder Basin Coal Company, L.L.C., and for its cause of action against Zurich American Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, the Travelers Indemnity Company of America, and The Travelers Property and Casualty Company of America and states as follows:

### PARTIES

1.      Plaintiff, Thunder Basin Coal Company, L.L.C. ("Thunder Basin"), is a Delaware limited liability corporation with its principal place of business in St. Louis County, Missouri.

2.      Defendant, Zurich American Insurance Company ("Zurich"), is a New York corporation with its principal place of business in Schaumburg, Illinois.

3. Defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), is a Pennsylvania corporation with its principal place of business in New York, New York.

4. Defendants, The Travelers Indemnity Company of America ("Travelers Indemnity") and The Travelers Property and Casualty Company of America ("Travelers Property"), are Connecticut corporations with their principal place of business in Hartford, Connecticut.

## JURISDICTION

5. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a)(1) as the suit is between citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

## FACTUAL BACKGROUND

6. This case arises out of an underlying lawsuit filed on or about May 24, 2011, in the United States District Court for the District of Wyoming by Gabrielle E. Milonis and others against Thunder Basin and others (the "Wyoming Action"). A copy of the Complaint in the Wyoming Action is attached hereto as Exhibit A.

7. In the Wyoming Action, plaintiff alleges that Thunder Basin is liable for damages arising from an accident involving the collapse of a large crane at Thunder Basin's mine in Wyoming.

8. The Wyoming Action further alleges that Earth Works Solutions, Inc. ("Earth Works") is liable for damages because of work it performed in preparing the crane pad site where the crane was erected and operating at the time of the accident.

9. At the time of the accident the crane was being operated by employees of Lampson International LLC ("Lampson") in connection with the construction of a coal load out facility pursuant to a contract between Thunder Basin and TIC – The Industrial Company of Wyoming, Inc. ("TIC").

10. TIC had leased the crane and crane operators from Lampson in the course of constructing the coal load out facility.

11. Lampson is also sued in the Wyoming Action based on its assembly, supervision and operation of the crane.

12. Pursuant to the TIC/Thunder Basin Contract, Thunder Basin was added as an additional insured under TIC's liability insurance policies with Zurich and National Union.

13. Prior to the accident Earth Works had performed certain excavation and leveling of the site where the crane was erected and operating at the time of the accident pursuant to a written agreement with Thunder Basin which required Earth Works to name Thunder Basin as an additional insured on its policies of liability insurance with Travelers Indemnity and Travelers Property.

14. Zurich issued a Commercial General Liability Policy No. GL04277043-03 ("Zurich Policy") to TIC, covering the policy period 1-01-08 through 1-01-09 which, pursuant to its additional insured endorsement provides coverage to Thunder Basin for the claim alleged in the Wyoming Action. (Attached as Exhibit B are pertinent portions of the Zurich policy.)

15. National Union issued a Commercial Umbrella Liability Policy No. BE7227718 ("National Union Policy") to TIC covering the policy period 1-01-08 through 1-01-09 which provides coverage to Thunder Basin pursuant to the terms of its policy covering additional insureds. (Attached as Exhibit C are pertinent portions of the National Union policy.)

16. Travelers Indemnity issued a Commercial General Liability Policy No. DT-CO-9279L741-TIA-08 ("Travelers Indemnity Policy") to Earth Works covering policy period 2-01-08 through 2-01-09 which provides coverage to Thunder Basin for the Wyoming Action pursuant to its additional insured endorsement. (Attached as Exhibit D are pertinent portions of the Travelers Indemnity policy.)

17. Travelers Property issued a Commercial Excess Liability Policy No. DTSN-CUP-9279L741-TIL-08 ("Travelers Property Policy") to Earth Works covering the policy period 2-01-08 through 2-01-09 which provides coverage to Thunder Basin pursuant to its terms covering additional insureds. (Attached as Exhibit E are pertinent portions of the Travelers Property policy.)

## COUNT I
### (Breach of Contract/Zurich)

18. Plaintiff incorporates herein the averments of paragraphs 1-17 as if fully set out and repeated herein.

19. Zurich, pursuant to the Additional Insured Endorsement to its General Liability Policy No. GL04277043-03 is obligated to defend Thunder Basin in the Wyoming Action.

20. On or about August 20, 2011, the Wyoming Action was tendered to Zurich on behalf of Thunder Basin for defense under its policy.

21. To date, Zurich has refused to defend Thunder Basin and its refusal constitutes a breach of its insurance policy and agreement.

22. All obligations and conditions precedent to Zurich's obligations under its policy have been satisfied.

23. As a consequence of Zurich's breach of contract Thunder Basin has been damaged in an amount in excess of $75,000, the full amount to be proven at trial.

WHEREFORE, Plaintiff, Thunder Basin, requests judgment be entered against Defendant Zurich for damages as proven at trial and for pre and post-judgment interest on all amounts awarded, and for its attorneys' fees and further relief as this Court deems just and proper.

## COUNT II
### (Declaratory Judgment/Zurich)

24. Plaintiff incorporates herein the averments of paragraphs 1-23 as if fully set out and repeated herein.

3795260.1                                4

25. Zurich has refused to acknowledge its coverage obligations to defend and indemnify Thunder Basin for the Wyoming Action.

26. A real controversy exists between Thunder Basin and Zurich regarding Zurich's obligations under its Policy No. GL04277043-03.

WHEREFORE, Plaintiff, Thunder Basin, requests judgment be entered against Defendant Zurich declaring that it is obligated to defend and indemnify Thunder Basin for any liabilities incurred in the Wyoming Action within the limits of the Zurich policy and for such other and further relief as this Court deems just and proper.

## COUNT III
### (Breach of Contract/The Travelers Indemnity Company)

27. Plaintiff incorporates in this Count the averments of paragraphs 1-17 as if fully set out and repeated.

28. Travelers Indemnity, pursuant to the Additional Insured Endorsement to its General Liability Policy No. DT-CO-9279L741-TIA-08 is obligated to defend Thunder Basin in the Wyoming Action.

29. On or about August 20, 2011, the Wyoming Action was tendered to Travelers Indemnity on behalf of Thunder Basin for defense under its policy.

30. To date, Travelers Indemnity has refused to defend Thunder Basin and its refusal constitutes a breach of its insurance policy and agreement.

31. All obligations and conditions precedent to Travelers Indemnity's obligations under its policy have been satisfied.

32. As a consequence of Travelers Indemnity's breach of contract Thunder Basin has been damaged in an amount in excess of $75,000, the full amount to be proven at trial.

WHEREFORE, Plaintiff, Thunder Basin, requests judgment be entered against Defendant Travelers Indemnity for damages as proven at trial and for pre and post-judgment interest on all amounts awarded, and for its attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNT IV
### (Declaratory Relief/Travelers Indemnity)

33. Plaintiff incorporates in this Count the averments of paragraphs 1-17 and 28-32 as if fully set out and repeated herein.

34. Travelers Indemnity has refused to acknowledge its coverage obligations to defend and indemnify Thunder Basin for the Wyoming Action.

35. A real controversy exists between Thunder Basin and Travelers Indemnity regarding Travelers Indemnity's obligations under its Policy No. DT-CO-9279L741-TIA-08.

WHEREFORE, Plaintiff, Thunder Basin, requests judgment be entered against Defendant Travelers Indemnity declaring that it is obligated to defend and indemnify Thunder Basin for any liabilities incurred in the Wyoming Action within the limits of the Travelers Indemnity policy and for such other and further relief as this Court deems just and proper.

## COUNT V
### (Declaratory Relief/National Union)

36. Plaintiff incorporates in this Count the averments of paragraphs 1-26 as if fully set out and repeated herein.

37. Defendant, National Union, pursuant to its Policy No. BE7227718 is obligated to defend and indemnify Thunder Basin for liabilities in excess of the limits of the Zurich policy.

38. On August 18, 2011, notice was provided to National Union regarding Thunder Basin's claim for defense and indemnity with respect to the Wyoming Action.

39. To date, National Union has failed to respond and on information and belief refuses to acknowledge its coverage obligations to Thunder Basin.

40. A real controversy exists between Thunder Basin and National Union regarding National Union's obligations to defend and indemnify Thunder Basin in the Wyoming Action.

41. Thunder Basin is entitled to a declaration of its rights under the National Union policy to insure that any loss suffered by Thunder Basin arising out of any settlement or judgment in the Wyoming Action in excess of the Zurich policy limits will be paid in accordance with the obligations of National Union undertaken in its policy.

WHEREFORE, Plaintiff, Thunder Basin, requests judgment be entered against Defendant National Union declaring that it is obligated to defend and indemnify Thunder Basin for its defense expense and indemnity in the Wyoming Action in excess of amounts paid pursuant to the Zurich policy and for such other and further relief as this Court deems just, fair, and proper.

## COUNT VI
### (Declaratory Relief/Travelers Property)

42. Plaintiff incorporates in this Count the averments of paragraphs 1-17 and 28-35 as if fully set out and repeated herein.

43. Defendant, Travelers Property, pursuant to its Policy No. DTSN-CUP-9279L741-TIL-08 is obligated to defend and indemnify Thunder Basin for liabilities in excess of the limits of the Zurich policy.

44. On August 10, 2011, notice was provided to Travelers Property regarding its claim for defense and indemnity with respect to the Wyoming Action.

45. To date, Travelers Property has denied any obligation to Thunder Basin for the Wyoming Action.

46. A real controversy exists between Thunder Basin and Travelers Property regarding Travelers Property's obligations to defend and indemnify Thunder Basin in the Wyoming Action.

47. Thunder Basin is entitled to a declaration of its rights under the Travelers Property policy to insure that any loss suffered by Thunder Basin arising out of any settlement or judgment in the Wyoming Action in excess of the Travelers Indemnity policy limits will be paid in accordance with the obligations of Travelers Property undertaken in its policy.

WHEREFORE, Plaintiff, Thunder Basin, requests judgment be entered against Defendant Travelers Property declaring that it is obligated to defend and indemnify Thunder Basin for its defense expense and indemnity in the Wyoming Action in excess of amounts paid pursuant to the Travelers Indemnity policy and for such other and further relief as this Court deems just, fair, and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

BRYAN CAVE, LLP

By: /s/ Dennis E. O'Connell
Dennis E. O'Connell, No. 21037MO
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000 (Phone)
(314) 259-2020 (Fax)

Attorneys for Plaintiff, Thunder Basin Coal Company L.L.C.