IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| THUNDER BASIN COAL COMPANY, L.L.C<br><br>Plaintiff,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA<br><br>Defendants. | No.  4:12-cv-00231-SNLJ<br><br>**JURY TRIAL DEMANDED** |

## THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, The Travelers Indemnity Company of America and Travelers Property and Casualty Company of America (collectively "Travelers"), by and through undersigned counsel, Armstrong Teasdale, LLP, for their Answer and Affirmative Defenses to Plaintiff's Complaint, state the following:

## PARTIES

1. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 1 of Plaintiff's Complaint, and, as such, denies same.

2. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 2 of Plaintiff's Complaint, and, as such, denies same.

3. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 3 of Plaintiff's Complaint, and, as such, denies same.

4. Travelers admits the allegations contained within Paragraph 4 of Plaintiff's Complaint.

## JURISDICTION

5. Travelers maintains that Plaintiff has not pled sufficient facts necessary to satisfy Fed. R. Civ. P. 8(A)(1) and to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and, as such, denies the allegations contained within Paragraph 5 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

6. Travelers admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7. Travelers admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8. Travelers admits the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 9 of Plaintiff's Complaint, and, as such, denies same.

10. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 10 of Plaintiff's Complaint, and, as such, denies same.

11. Travelers admits the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 12 of Plaintiff's Complaint, and, as such, denies same.

13. Travelers denies the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 14 of Plaintiff's Complaint, and, as such, denies same.

15. Travelers is without sufficient information to admit or deny the allegations contained within Paragraph 15 of Plaintiff's Complaint, and, as such, denies same.

16. Travelers admits that it issued Commercial General Liability Policy No. DT-CO-9279L741-TIA-08, but denies all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Travelers admits that it issued Commercial Excess Liability Policy No. DTSM-CUP-9279L741-TIL-08, but denies all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

**COUNT I**
**(Breach of Contract/Zurich)**

Count I of Plaintiff's Complaint does not contain any allegations of fact directed at Travelers and, therefore, no answer is required of Travelers.  However, to the extent that any allegations in Count I are directed at Travelers and necessitate a response by Travelers, said allegations are hereby denied.

**COUNT II**
**(Declaratory Judgment/Zurich)**

Count II of Plaintiff's Complaint does not contain any allegations of fact directed at Travelers and, therefore, no answer is required of Travelers.  However, to the extent that any allegations in Count II are directed at Travelers and necessitate a response by Travelers, said allegations are hereby denied.

## COUNT III
### (Breach of Contract/The Travelers Indemnity Company)

27. Travelers incorporates by reference their responses to Paragraph 1 through 26 of Plaintiff's Complaint, as if fully set forth herein.

28. Travelers denies the allegations contained within Paragraph 28 of Plaintiff's Complaint.

29. Travelers denies the allegations contained within Paragraph 29 of Plaintiff's Complaint.

30. Travelers admits that to date it has refused to defend Thunder Basin, but denies the remaining allegations contained within Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 of Plaintiff's Complaint does not contain a "simple, concise, and direct" allegation of fact as required by Fed. R. Civ. P. 8(d)(1), but rather calls for a legal conclusion to which no answer is required of Travelers. However, to the extent Paragraph 31 sufficiently alleges facts that necessitate a response by Travelers, said allegations are hereby denied.

32. Travelers denies the allegations contained within Paragraph 32 of Plaintiff's Complaint.

## COUNT IV
### (Declaratory Relief/ Travelers Indemnity)

33. Travelers incorporates by reference their responses to Paragraph 1 through 32 of Plaintiff's Complaint, as if fully set forth herein.

34. Travelers denies the allegations contained within Paragraph 34 of Plaintiff's Complaint.

35. Travelers denies the allegations contained within Paragraph 35 of Plaintiff's Complaint.

## COUNT V
### (Declaratory Relief/National Union)

Count V of Plaintiff's Complaint does not contain any allegations of fact directed at Travelers and, therefore, no answer is required of Travelers. However, to the extent that any allegations in Count V are directed at Travelers and necessitate a response by Travelers, said allegations are hereby denied.

## COUNT VI
### (Declaratory Relief/Travelers Property)

42. Travelers incorporates by reference their responses to Paragraph 1 through 41 of Plaintiff's Complaint, as if fully set forth herein.

43. Travelers denies the allegations contained within Paragraph 43 of Plaintiff's Complaint.

44. Travelers admits that Plaintiff notified Travelers on August 10, 2011 regarding Plaintiff's claims for defense and indemnity, but denies the remaining allegations contained within Paragraph 44 of Plaintiff's Complaint.

45. Travelers admits the allegations contained within Paragraph 45 of Plaintiff's Complaint.

46. Travelers denies the allegations contained within Paragraph 46 of Plaintiff's Complaint.

47. Paragraph 47 of Plaintiff's Complaint does not contain a "simple, concise, and direct" allegation of fact as required by Fed. R. Civ. P. 8(d)(1), but rather calls for a legal conclusion to which no answer is required of Travelers. However, to the extent Paragraph 47

sufficiently alleges facts that necessitate a response by Travelers, said allegations are hereby denied.

## AFFIRMATIVE DEFENSES

1.      Further answering and for their first affirmative defense, Travelers maintains that Plaintiff has not pled sufficient facts necessary to satisfy Fed. R. Civ. P. 8(A)(1) and to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

2.      Further answering and for their second affirmative defense, Travelers states that Plaintiff's claims are barred because Travelers' insured, Earthwork Solutions, Inc., did not enter a written contract with Plaintiff for the provision of insurance covering the work at issue in the Wyoming Action.  Specifically, Plaintiff's claims are barred pursuant to policy DTCO9279L741TIA08, the "BLANKET ADDITIONAL INSURED (Contractors)," endorsement CG D2 46 08 05, which states in part the following:

****

1. WHO IS AN INSURED – (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on this coverage part, but:

a) Only with respect to liability for "bodily injury", "property damage" or "personal injury"; and

b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

(See Travelers' Commercial Insurance Policy, Attachment D to Plaintiff's Complaint, Page 24 of 25)

****

3. Further answering and for their third affirmative defense, without waiving Travelers' assertion that Plaintiff's claims are barred, and in the alternative, Travelers states that any recovery by Plaintiff would be barred and/or limited pursuant to policy DTCO9279L741TIA08, which provides the following:

****

4. Other Insurance

> If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

****

> b. Excess Insurance
>
> This insurance is excess over:
>
> (1) Any of the other insurance, whether primary, excess, contingent or on any other basis:
>
> > (a) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

****

(See Travelers' Commercial Insurance Policy, Attachment D to Plaintiff's Complaint, Page 18 of 25)

4. Further answering and for their fourth affirmative defense, without waiving Travelers' assertion that Plaintiff's claims are barred, and in the alternative, Travelers states Plaintiff's claims are barred because the work performed by Travelers' Insured, Earthworks Solutions, Inc., which is at issue in the Wyoming Action, was not performed pursuant to a written contract for the provision of insurance applicable to said work which had been executed prior to the performance of the work. Specifically, Plaintiff's claims are barred and/or limited pursuant to policy DTSMCUP9279L741TIL08, which provides the following:

7

****

SECTION II – WHO IS AN INSURED.

2. Each of the following is also an insured:

****

    f. Any other person or organization insured under any policy of the "underlying insurance" listed in the SCHEDULE OF UNDERLYING INSURANCE of the DECLARATIONS of this insurance for whom you have agreed in a written contract executed prior to the loss to provide insurance. This insurance is subject to all the limitations upon coverage under such policy of "underlying insurance", and, the limits of insurance afforded to such person or organization will be:

        (i) The difference between the "underlying insurance" limits and the minimum limits of insurance which you agreed to provide; or

        (ii) The limits of insurance of this policy whichever is less.

****

(See Travelers' Commercial Excess Liability (Umbrella) Insurance Policy, Attachment E to Plaintiff's Complaint, Page 12 of 19)

5. Further answering and for their fifth affirmative defense, Travelers states that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 19 for failing to join necessary and indispensable parties, namely those insurance carriers that have issued policies to Plaintiff that afford coverage for the incident for which Plaintiff now complains.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants, The Travelers Indemnity Company of America and Travelers Property and Casualty Company of America, pray that they be dismissed from this action, and for any such other and further relief as this Court deems just and proper under the circumstances.

ARMSTRONG TEASDALE LLP


BY:   /s/ Laurence R. Tucker
      Laurence R. Tucker, # 24284 (pro hac pending)
      Mario A. Gianino, #62032MO
      2345 Grand Boulevard, Suite 2000
      Kansas City, Missouri 64108-2617
      816.221.3420
      816.221.0786 (facsimile)
      lrtucker@armstrongteasdale.com
      mgianino@armstrongteasdale.com

*ATTORNEY FOR THE TRAVELERS INDEMNITY COMPANY OF AMERICA AND TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA*


## CERTIFICATE OF SERVICE

     I hereby certify that on this the 3rd day of April, 2012, I served an electronic copy of the foregoing to:

Dennis E. O'Connell
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
314-259-2000
314-259-2020 (fax)
deoconnell@bryancave.com

*Attorney for Plaintiff, Thunder Basin Coal Company, L.L.C.*


          /s/ Laurence R. Tucker