**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **THUNDER BASIN COAL COMPANY, L.L.C.**<br><br>**Plaintiff**<br><br>v.<br><br>**ZURICH AMERICAN INSURANCE COMPANY; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA**<br><br>**Defendant.** | Case No. 4:12-CV-00231-LMB |

## ZURICH AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Zurich American Insurance Company (hereinafter "Zurich"), by and through undersigned counsel, Kutak Rock, LLP, for its Answer and Affirmative Defenses to Plaintiff's Complaint, Zurich states as follows:

## PARTIES

1. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 1, and therefore, denies the same.

2. Zurich admits the allegations in Paragraph 2.

3. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 3, and therefore, denies the same.

4. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 4, and therefore, denies the same.

**JURISDICTION**

5.     Zurich admits the allegations in Paragraph 5.

**FACTUAL BACKGROUND**

6.     Zurich admits the allegations in Paragraph 6.

7.     In response to Paragraph 7, Zurich states that the Wyoming Complaint filed in the Wyoming Action speaks for itself.  Zurich admits Paragraph 7 only to the extent it is consistent with the allegations made in the Complaint filed in the Wyoming Action, but otherwise, denies Paragraph 7.

8.     In response to Paragraph 8, Zurich states that the Wyoming Complaint filed in the Wyoming Action speaks for itself.  Zurich admits Paragraph 8 only to the extent it is consistent with the allegations made in the Complaint filed in the Wyoming Action, but otherwise, denies Paragraph 8.

9.     Due to the fact that Paragraph 9 contains factual allegations which are potentially in dispute in the Wyoming Action, Zurich is without sufficient knowledge to admit or deny these allegations, and therefore, denies the same at this time.

10.    Due to the fact that Paragraph 10 contains factual allegations which are potentially in dispute in the Wyoming Action, Zurich is without sufficient knowledge to admit or deny these allegations, and therefore, denies the same at this time.

11.    In response to Paragraph 11, Zurich states that the Wyoming Complaint filed in the Wyoming Action speaks for itself.  Zurich admits Paragraph 11 only to the extent it is consistent with the allegations made in the Complaint filed in the Wyoming Action, but otherwise, denies Paragraph 11.

12.    Zurich denies the allegations in Paragraph 12.

13. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 13, and therefore, denies the same.

14. In response to Paragraph 14, Zurich admits to issuing a Commercial General Liability Policy No. GL04277043-03 to TIC, at that its policy period is from 1/01/08 to 1/01/09. Zurich denies that Exhibit B contains all of the pertinent portions of Zurich's policy and the remaining allegation in Paragraph 14.

15. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 15, and therefore, denies the same.

16. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 16, and therefore, denies the same.

17. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 17, and therefore, denies the same.

## COUNT I
### (Breach of Contract/Zurich)

18. Zurich incorporates its responses to Paragraphs 1-17 above, as if fully set forth herein.

19. Zurich denies the allegations in Paragraph 19.

20. Upon information and belief, Zurich admits the allegations in Paragraph 20.

21. Zurich denies the allegations in Paragraph 21.

22. Paragraph 22 of Plaintiff's Complaint states for a legal conclusion to which no response is required from Zurich. To the extent that a response is deemed necessary, Zurich denies the allegations in Paragraph 22.

23. Zurich lacks sufficient knowledge to admit or deny the allegations in Paragraph 23, and therefore, denies the same.

## COUNT II
### (Declaratory Judgment/Zurich)

24. Zurich incorporates its responses to Paragraphs 1-23 above, as if fully set forth herein.

25. Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which no response is required from Zurich. To the extent that a response is deemed necessary, Zurich denies the allegations in Paragraph 25.

26. Zurich denies the allegations in Paragraph 26.

## COUNT III
### (Breach of Contract/The Travelers Indemnity Company)

Count III of Plaintiff's Complaint does not contain any allegations of fact directed at Zurich, and therefore, no answer is required of Zurich. However, to the extent that any response to Count III is deemed necessary, Zurich denies the same.

## COUNT IV
### (Declaratory Relief/Travelers Indemnity)

Count IV of Plaintiff's Complaint does not contain any allegations of fact directed at Zurich, and therefore, no answer is required of Zurich. However, to the extent that any response to Count IV is deemed necessary, Zurich denies the same.

## COUNT V
### (Declaratory Relief/National Union)

Count V of Plaintiff's Complaint does not contain any allegations of fact directed at Zurich, and therefore, no answer is required of Zurich. However, to the extent that any response to Count V is deemed necessary, Zurich denies the same.

## COUNT VI
### (Declaratory Relief/Travelers Property)

Count VI of Plaintiff's Complaint does not contain any allegations of fact directed at Zurich, and therefore, no answer is required of Zurich. However, to the extent that any response to Count VI is deemed necessary, Zurich denies the same.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to plead the facts necessary to satisfy Fed.R.Civ.P. 8(A)(1), and as such, has failed to state a claim herein.

2. Plaintiff's Complaint should be dismissed pursuant to Fed.R.Civ.P. 19 for failure to join necessary and indispensable parties, namely those insurance carries that have issued policies to Plaintiff that afford coverage for the incident referenced in the Complaint.

3. Plaintiff's claims are barred under the Zurich Policies, in whole or in part, to the extent that Plaintiff failed to comply with all necessary conditions under the Zurich Policies, including providing Zurich with timely notice of the underlying claim(s) or suit(s), or of accidents or occurrences which form the basis of such claim(s) or suit(s), or any other developments likely to affect Zurich's liability, if any, and/or to the extent that Plaintiff failed to cooperate with Zurich in accordance with the terms and conditions of the Zurich Policies.

4. Plaintiff's claims are barred under the Zurich Policy, in whole or in part, because Plaintiff does not qualify as additional insured under the terms of the Zurich's Policy, which states:

    THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ IT CAREFULLY

    A.    Section II – Who Is An Insured is amended to include as an insured any person or organization who you are required to add as an additional insured on this policy under a written contract or written agreement.

5

     5.     Plaintiff's claims are barred under Zurich Policy, in whole or in part, because the following provisions of the Zurich Policy have not be satisfied:

     B.     The insurance provided to the additional insured person or organization applies only to "bodily injury," "property damage," or "personal and advertising injury" covered under SECTION I – Coverage A – Bodily Injury And Property Damage Liability and Section I – Coverage B – Personal and Advertising Injury Liability, but only with respect to liability for "bodily injury," "property damage," or "personal and advertising injury" caused, in whole or in part, by:

     1.     Your acts or omissions; or
     2.     The acts or omissions of those acting on your behalf; and resulting directly from:
     a.     Your ongoing operations performed for the addition insured, which is the subject of the written contract or written agreement; or
     b.     "Your work" completed as included in the "products-completed operations hazard," performed for the additional insured, which is the subject of the written contract or written agreement.

These provisions of the Zurich Policy are not satisfied, in whole or in part, because the claims against Plaintiff in the Underlying Action seek recovery for liabilities arising out of Plaintiff's own acts or omissions and not the acts or omissions of those individuals or organizations declared or described as a named insured in the Zurich Policy or anyone acting on behalf of the named insured as set forth above.

     6.     Plaintiff's claims are barred under the Zurich Policy, in whole or in part, because Plaintiff does not qualify as additional insured due to an exclusion in the Zurich Policy, which states:

     C.     However, regardless of the provisions of paragraph A and B, above:

     1.     We will not extend any insurance coverage to any additional insured person or organization:
     a.     That is not provided to you in this policy; or

6

      b.      That is any broader coverage than you are required to provide to the additional insured person or organization in the written contract or written agreement.

7. Plaintiff's claims are barred under the Zurich Policy, in whole or in part, because Plaintiff does not qualify as additional insured due to an exclusion in the Zurich Policy, which states:

    D.    The insurance provided to the additional insured person or organization does not apply to:

"Bodily injury," "property damage," or "personal and advertising injury" arising out of the rendering or failure to render any professional architectural, engineering or surveying services, including:

    1.    The preparing, approving, or failing to prepare or approve maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

    2.    Supervisory, inspection, architectural or engineering activities.

8. Plaintiff's claims are barred and/or limited because coverage under the Zurich Policy is excluded by a provision which states that no coverage is provided for:

    a.    Expected or Intended Injury.

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

9. Plaintiff's claims are barred and/or limited because coverage under the Zurich Policy is excluded by a provision which states that no coverage is provided for:

    e.    Employer's Liability

"Bodily injury" to:

    1.    An "employee" of the insured arising out of and in the course of:
        a.    Employment by the insured; or
        b.    Performing duties related to the conduct of the insured's business; or

7

    2. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

  This exclusion applies:

    1. Whether the insured may be liable as an employer or in any other capacity; and
    2. To any obligation to share damages with or repay someone else who must pay damages because of the injury.

  This exclusion does not apply to liability assumed by the insured under an "insured contract."

"Insured Contract" is defined as:

f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

Paragraph f does not include that part of any contract or agreement:

    2. That indemnifies an architect, engineer or surveyor for injury or damage arising out of:

      a. Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
      b. Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage.

  10. Zurich's liability, if any, under the Zurich Policy for "bodily injury," "property damage" or "personal injury" shall not exceed the limits as stated in the Zurich Policy regardless of the number of: (i) insureds; (ii) persons or organizations who sustain "bodily injury," "property damage," or "personal injury"; (iii) claims made or suits brought on account of "bodily

8

injury," "property damage, " or "personal injury"; and/or (iv) limits of liability that apply on a "per occurrence" and/or "aggregate" basis.

11.     Alternatively, Plaintiff's claim must fail because Zurich has exhausted, by payment of settlements and/or judgments, the limits of coverage provided in Zurich's policy.

12.     Plaintiff's claims are barred under the Zurich Policy, in whole or in part, to the extent that the Underlying Claims against Plaintiff include claims for recovery of punitive damages, fines or penalties.

13.     Plaintiff's claims are barred under the Zurich Policy, in whole or in part, to the extent the claims in the Underlying Action arise from liability assumed by Plaintiff, or arising from any contract or agreement other than as specified in the Zurich Policy.

14.     Plaintiff's claims are barred under the Zurich Policy, in whole or in part, to the extent that Plaintiff failed to mitigate, minimize or avoid any alleged damage.

15.     Plaintiff's claims are barred under the Zurich Policy, in whole or in part, to the extent Plaintiff's acts or failures to act gave rise to the claims in the Underlying Action and were in violation of law and/or public policy.

16.     Any duty of Zurich under the Zurich Policy to defend or indemnify with respect to any Underlying Claim is subject to the "other insurance" provisions of Zurich's Policy as compared with similar provisions of any other insurance policy which provides coverage to Thunder Basin.

17.     Plaintiff's claims are barred under the Zurich Policy, in whole or in part, to the extent Plaintiff failed to present Zurich with sufficient facts to demonstrate that it is entitled to coverage under the Zurich Policy.

18.     Zurich asserts that it is Plaintiff's burden and/or the burden of any party seeking to establish the existence, terms and conditions of the Zurich Policy.  To the extent that such burden is not met, Plaintiff's claims are barred.

19.     Plaintiff's claims against Zurich are barred to the extent that no actual case or controversy exists between Plaintiff and Zurich as to all or part of the relief sought by Thunder Basin.

20.     Zurich reserves the right to assert all defenses which may be pertinent to Plaintiff once the precise nature of the claims is ascertained through further discovery and investigation.

WHEREFORE, Zurich American Insurance Company respectfully prays that this Court enter an Order: a) Dismissing Plaintiff's Claims as against Zurich American Insurance Company; b) Declaring that, under the Zurich Policy, Zurich is under no obligation to provide a defense to or indemnify Thunder Basin, or to pay any expenses incurred by it in connection with the Underlying Claims; c) For Zurich's costs and attorney's fees; and d) For such other relief as the Court deems appropriate.

Dated: April 10, 2012.

Respectfully submitted,

| /s/ Larry D. Fields | |
|---|---|
| Bradley J. Baumgart | #28098MO |
| Larry D. Fields | MO #39426 |
| *Admitted Pro Hac Vice* | |
| Anna M. Wenzel | MO #61637 |
| *Pro Hac Vice Pending* | |

Kutak Rock LLP
Suite 500
1010 Grand Blvd.
Kansas City, Missouri  64106
(816) 960-0090
(816) 960-0041 (Facsimile)
Brad.baumgart@kutakrock.com
Larry.fields@kutakrock.com
Anna.wenzel@kutakrock.com
***Attorneys for Defendant***
***Zurich American Insurance Company***

11

## **CERTIFICATE OF SERVICE**

      I hereby certify a true and correct copy of the above and foregoing was filed this day, *April 10, 2012*, with the Clerk of the Court for the Eastern District of Missouri by using the CM/ECF system which will send electronic notification to the following counsel of record:

    Dennis E. O'Connell
    BRYAN CAVE, LLP
    One Metropolitan Square
    211 North Broadway, Suite 3600
    St. Louis, Missouri  63102
    (314) 259-2000
    (314) 259-2020 (facsimile)
    ***Attorneys for Plaintiff***
    ***Thunder Basin Coal Company L.L.C.***

    Laurence R. Tucker
    Mario A. Gianino
    ARMSTRONG TEASDALE, LLP
    2345 Grand Boulevard
    Suite 1500
    Kansas City, MO 64108
    816-221-3420
    Fax: 816-221-0786
    lrtucker@armstrongteasdale.com
    mgianino@armstrongteasdale.com
    ***Attorneys for Travelers Indemnity Company of America***
    ***and Travelers Property and Casualty Company of America***

                                                                 /s/ Larry D. Fields
                                                                   Attorney for Defendant