UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THUNDER BASIN COAL COMPANY, L.L.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12CV231 CDP |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On August 27, 2013, this court entered a Memorandum and Order granting in part and denying in part the parties' cross-motions for summary judgment on Thunder Basin's claims for insurance coverage under policies issued by Travelers Indemnity and Travelers Casualty. On October 14, 2013, the Travelers defendants filed joint motions to clarify and for reconsideration of that order. In one aspect I agree that my order should be changed.

My earlier order granted more relief to Thunder Basin on its motion for partial summary judgment than I intended. As to the declaratory judgment counts, I should have only granted a declaration that Thunder Basin was an additional insured under the policies and so Travelers has a duty to defend it. I will grant the new motions to the extent of correcting that error, but will otherwise deny them.

## Background

The factual background of this dispute is set out in detail in the August 27, 2013, Memorandum and Order, and I will not repeat it here. The essence of the dispute is that plaintiff Thunder Basin Coal Company L.L.C. seeks coverage as an additional insured under two policies issued to a contractor, Earth Works Solutions, Inc., by defendants Travelers Indemnity Insurance Company of America and Travelers Property and Casual Company of America.

Both sides filed motions for summary judgment, and on August 27, 2013, I entered a Memorandum and Order denying Travelers' motion for summary judgment and granting Thunder Basin's motion for summary judgment on its counts for declaratory judgment as to Travelers' duty to defend and indemnify in the Wyoming suits. That order further granted Thunder Basin's motion for summary judgment as to liability only on its claims for breach of the contractual duty to defend in the Wyoming actions. I made no ruling on the remedy to which Thunder Basin might be entitled for its breach of contract claims.

Travelers has now filed a motion for reconsideration and a separate motion for clarification of my August 27 order, alleging that several points in my summary judgment ruling were made in error. In the motion for reconsideration Travelers argues that the evidence and the law do not support my Order in several respects, none of which are new, although it does cite to evidence from a September

deposition in a related case as new evidence I should consider.  In the motion to clarify Travelers argues that even if Thunder Basin is an additional insured, there remain numerous coverage questions that have not been resolved.  It argues that it cannot owe a duty to defend and indemnify Thunder Basin because the policies at issue only cover vicarious liability and the Wyoming suits are outside of coverage.  Travelers also contends that no duty to defend could exist because its coverage funds were depleted.  Although I do not find these arguments in themselves persuasive, I agree that my order went farther than it should have.

**Discussion**

The Federal Rules of Civil Procedure do not specify either motions to reconsider or motions to clarify.  But a district court "has the inherent power to reconsider and modify an interlocutory order at any time prior to the entry of judgment."  *K.C. 1986 Ltd. P'ship v. Reade Mfg.,* 472 F.3d 1099, 1016-17 (8th Cir. 2007).  Because my order did not enter final judgment, it is an interlocutory order and, under Rule 54(b), F. R. Civ. P., it may be revised at any time before entry of final judgment.  Additionally Rule 60(a) affords the court an opportunity to correct mistakes in orders and judgments arising from oversight or omission.  In my August 27 order, I found that Thunder Basin was entitled to summary judgment on its claims for declaratory relief in Counts VI and VIII in their entirety.  But that included a declaration that defendants had a duty to indemnify as well as defend,

which went beyond the issues raised in Thunder Basin's motion. Thunder Basin sought summary judgment declaring that it was an additional insured and that Travelers had a duty to defend it in the Wyoming lawsuits. It was my intent to issue declaratory judgment only as to the additional insured and duty to defend issues. My ruling as to Counts VI and VIII will be amended so it is clear that I am granting summary judgment only to that extent. My rulings as to the breach of contract counts remain unchanged, because those alleged only a breach of the duty to defend and it is undisputed that Travelers' refused the request to defend. I will not rule on the defendants' duty to indemnify, but my other rulings stand, including my conclusion that Thunder Basin qualifies as an additional insured under the Travelers policies.

Travelers raises numerous arguments in its motions that were or should have been raised at earlier opportunities. I do not believe my rulings on the additional insured issue was incorrect, and I am not changing that. I have considered the "new evidence" cited by Travelers and it does not change my conclusion. Additionally, most of the other arguments are simply rehashing issues that I already considered.

Travelers has raised additional arguments going to the "additional insured" issue – arguments that could have been raised earlier. In any event, they do not change the result. In particular, Travelers argues that the definition of "additional

insured" should be construed so as only to afford coverage for vicarious liability of the named insured. Policy coverage for an additional insured is restricted

> to liability for 'bodily injury', 'property damage' or 'personal injury' . . . if, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of 'your work' to which the 'written contract requiring insurance' applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions of such person or organization.

The vicarious liability argument is a poorly disguised attempt at rearguing the merits of this court's summary judgment rulings. In any case, the policy language is not so clear that it limits coverage solely to vicarious liability. Ambiguous policies are construed liberally in favor of the insured and strictly against the insurer. *Mena v. Safeco Ins. Co.*, 412 F.3d 1159, 1163 (10th Cir. 2005) (citing *Aaron v. State Farm Mut. Auto Ins. Co.*, 34 P.3d 929, 933 (Wyo. 2001)). The policy's ambiguity is compounded by the ease with which a drafter could have explicitly restricted coverage to vicarious liability. When reading the policy as a whole, I conclude that the plain language unambiguously does not limit coverage to situations involving vicarious liability.

Moreover, when interpreting insurance policies, Wyoming courts give primary consideration to the parties' intention. *Id.* Because an additional insured would have an action for indemnity against the primary insured, "an endorsement that provides coverage only for the additional insured's vicarious liability may be

illusory and provide no coverage at all." *Marathon Ashland Pipe Line LLC v. Maryland Cas. Co.*, 243 F.3d 1232, 1240 & n.5 (10th Cir. 2001) (quotation marks and citation omitted) (applying Wyoming law). In such a light, the insured clearly would expect more than protection only from vicarious liability.

The Travelers defendants contend that their remaining arguments were intended to place the court on notice as to issues remaining for trial. I will not evaluate those arguments at this time. At trial Travelers may not contest the decision that Thunder Basin is an additional insured under the policies, nor may it contest the decision that it had a duty to defend and breached that duty by refusing to defend. But other coverage disputes relating to indemnification were not necessarily decided by the previous motion, and may be presented at trial, as may disputes related to the amount of damages from the breach of the duty to defend. If Travelers believes the damages it owes are limited in some way that has not already been decided, it may present evidence or make appropriate legal arguments at trial.

Accordingly,

**IT IS HEREBY ORDERED** that my August 27, 2013 ruling [# 118] as to Counts VI and VIII of the complaint is amended to grant partial summary judgment to plaintiff as follows:

Partial summary judgment is granted on Counts VI and VIII to the extent that plaintiff Thunder Basin is entitled to a declaration that it is an additional insured under the policies and that Travelers Indemnity and Travelers Casualty owe a duty to defend it in the Wyoming actions; Thunder Basin is also granted summary judgment on Counts IV and V as to liability only.

**IT IS FURTHER ORDERED** that defendants' motions to clarify and to reconsider [# 123, 124] are granted only to the extent set out above and are otherwise denied.

**IT IS FURTHER ORDERED** that, as set out in the stipulation of dismissal [#135] entered into between plaintiff and the settling defendants, Zurich American Insurance Company and National Union Insurance Company of Pittsburg, PA, all claims as to those settling defendants are dismissed with prejudice.

                                                          CATHERINE D. PERRY
                                                          UNITED STATES DISTRICT JUDGE

Dated this 9th day of December, 2013.